# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**HODGES JEROME JEFFERSON,**

    **Plaintiff,**

vs.                                      Case No. 4:07cv553-RH/WCS

**PUBLIX STORES, INC.,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has submitted a motion to proceed *in forma pauperis*, doc. 2, supported by a financial affidavit. Plaintiff's affidavit is not entirely sufficient to demonstrate that Plaintiff cannot pay the Court's filing fee as Plaintiff indicates that he does not own his property, but he also states that he does not rent property either. Furthermore, Plaintiff indicates no monthly payments on bills other than a $75.00 monthly fee for a storage facility. Doc. 2. Plaintiff indicates he receives approximately $845.00 per month from retirement or social security benefits, and an additional $509.00 per month from the V.A. It will be presumed, for Plaintiff's benefit, that he has other debts which he has failed to list, including rent or mortgage, utilities,

and the like. Plaintiff's motion will be granted and Plaintiff will not be required to submit an amended financial affidavit.

Plaintiff simultaneously submitted a civil rights complaint against Publix Stores, Inc., on a § 1983 complaint form. Doc. 1. Plaintiff makes only a conclusory statement in this complaint that Publix violated his rights and practices racial discrimination. It appears that Plaintiff has "been turned down for employment many times" and Plaintiff broadly claims Publix has engaged in racial discrimination and racial harassment. *Id.* Plaintiff seeks "two point, two trillion and one dollar and no cents." *Id.*

Plaintiff's complaint presents no factual allegations which would support a claim of racial discrimination. Plaintiff has made nothing more than an unsupported and conclusory allegation. This complaint is insufficient to state a claim upon which relief may be granted.

A claim concerning employment discrimination is not properly presented in a § 1983 case but, rather, through Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. There is no need to provide such forms to Plaintiff for proceeding with this case, however, as there is no indication that Plaintiff has first exhausted administrative remedies before filing such a claim. A person alleging discrimination in employment must first pursue remedies through the Equal Employment Opportunity Commission (EEOC). Title VII of the Civil Rights Act of 1964 makes it an "unlawful employment practice" to "fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

> An individual wishing to challenge an employment practice under this provision must first file a charge with the EEOC. § 2000e-5(e)(1). Such a charge must be filed within a specified period (either 180 or 300 days,

depending on the State) "after the alleged unlawful employment practice occurred," *ibid.*, and if the employee does not submit a timely EEOC charge, the employee may not challenge that practice in court, § 2000e-5(f)(1).

Ledbetter v. Goodyear Tire & Rubber Co., Inc. __ U.S. __, 127 S.Ct. 2162, 2165-2166 (2007); Gregory v. Georgia Dept. of Human Resources, 355 F.3d 1277, 1279 (11th Cir. 2004), *citing* Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460 (5th Cir. 1970). The requirement of filing a timely charge of discrimination is a condition precedent to bringing a Title VII claim in this Court. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127 (1982). Because it does not appear that Plaintiff has ever filed an EEOC charge, this case should be dismissed for failure to state a claim upon which relief may be granted.

Should this assumption be incorrect and Plaintiff has already filed a charge of discrimination with the EEOC, and if Plaintiff has received a "right to sue" letter from the EEOC, Plaintiff may file a motion for reconsideration in this case. Plaintiff may also obtain the proper Title VII complaint forms to pursue his claim of racial discrimination in employment and simultaneously submit an amended complaint on the appropriate form with the motion for reconsideration. Plaintiff shall have the period for filing objections to this report and recommendation in which to file a motion for reconsideration if appropriate.

**ORDER**

Accordingly, it is **ORDERED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, **GRANTED**.

**RECOMMENDATION**

Further, it is **RECOMMENDED** that this action be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on January 9, 2008.

s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**